IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| FREDERIC J. BARTON | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:15CV00110 SWW |
| THE STATE OF ARKANSAS, ET AL. | * | |
| | * | |
| Defendants | * | |
| | * | |

**ORDER**

Plaintiff Frederick J. Barton ("Barton") brings this *pro se* action pursuant to 42 U.S.C. § 1983 against the State of Arkansas, the Pulaski County Circuit Court, state prosecutors, and a public defender. Along with the complaint, Barton filed an application to proceed *in forma pauperis* [ECF No. 1] and a motion requesting the appointment of counsel [ECF No. 3]. After careful consideration, and for reasons that follow, the complaint is dismissed with prejudice and all pending motions are denied as moot.

**I.**

The Eighth Circuit has instructed that the decision of whether a complaint is frivolous or malicious precedes the decision of whether to grant *in forma pauperis* status and whether to order service of process. *See Carney v. Houston* 33 F.3d 893, 895 (8th Cir. 1994)(quoting *Gentile v. Missouri Dept. Of Corrections*, 986 F.2d 214 (8th Cir. 1993)). "If the complaint is frivolous or malicious, the district court should dismiss it out of hand." *Id.* A complaint is frivolous where it lacks an arguable basis either in law or fact, and it lacks an arguable basis in law if the claim is based on an indisputably meritless legal theory. *See Neitzke v. Williams,* 490

U.S. 319, 325-27 (1989).

## II.

The following information is taken from public records filed in a state criminal case against Barton, *see Arkansas v. Barton*, No. 60CR-06-3157 (Pulaski County 6th Cir. 1st Div.), which are available on the the Pulaski County Circuit Court website, accessible at http://pulaskiclerk.com.[1]  On August 8, 2008, Barton entered a negotiated guilty plea on charges that he violated the terms of his probation related to a 2005 conviction for sexual indecency with a child and on charges for breaking or entering, which were filed on June 15, 2006.  The state court sentenced Barton to serve five years at the Arkansas Department of Correction ("ADC"), and no appeal was taken.

During his incarceration, Barton filed a motion with the state trial court, seeking "absolute dismissal" of his conviction and asserting, among other things, that the evidence against him was inadmissible and insufficient and that he provided an incriminating statement while he was intoxicated.  The trial court denied Barton's motion on the ground that he had failed to timely raise his claims in a direct appeal or a timely motion for post-conviction relief.

On October 1, 2014, while Barton was still  incarcerated, he filed second motion in state court, asserting that he was serving an illegal sentence that violated his due process and speedy trial rights.  By order entered October 30, 2014, the state court denied the motion on the ground that a delay in the proceedings was excludable and caused by Barton's own conduct in failing to

---

[1] The Court may take judicial notice of public records in determining whether Barton states a cognizable claim for relief.  *See Stahl v. United States Dept. Agric.,* 327 F.3d 697, 700 (8th Cir. 2003)("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.").

appear.

Barton commenced this action after his release from the ADC, alleging that he served an invalid sentence on his August 8, 2008 conviction because, among other things, the charges were based on hearsay and his conviction and sentence violated his rights to due process and a speedy trial. By way of relief, Barton seeks a "recall" and dismissal of "the charges" filed against him on August 8, 2008 and "a reasonable amount" of damages. Barton's pleading and other filings are difficult to discern, but it appears that he is asking this Court to expunge the state criminal conviction that was entered against him on August 8, 2008, pursuant to a negotiated guilty plea, even though he has fully discharged the related five-year sentence.

### III.

A claim is not cognizable under section 1983 where a judgment in favor of the plaintiff would necessarily imply invalidity of the plaintiff's state conviction or sentence, unless the conviction or sentence has already been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364 (1994); *see also Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir.2007)(holding that the *Heck* favorable-termination rule applies when a plaintiff has been released from custody). The plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486–87, 114 S.Ct. 2364. Here, Barton is directly attacking the validity of his state conviction, which was neither reversed, expunged, declared invalid , or called into question by a federal writ of habeas corpus. The Court finds that Barton's claims are barred under *Heck v. Humphrey* and have no basis in law.

**IV.**

For the reasons stated, the Court finds that Plaintiff's claims have no legal basis. IT IS THEREFORE ORDERED that the complaint is dismissed as frivolous, and Plaintiff's motion to proceed *in forma pauperis* [ECF No. 1] and all pending motions are DENIED AS MOOT. Pursuant to the judgment entered together with this order, this action is dismissed with prejudice.

IT IS SO ORDERED THIS 29TH DAY OF MAY, 2015.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE